UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

SAMIR CHAPMAN-TURNER       :

                   :       CIVIL ACTION NO.:

         vs.                :

                   :       JURY TRIAL DEMANDED

STATE FARM                 :

                   :

## NOTICE FOR REMOVAL OF CIVIL ACTION
## <u>FROM STATE COURT</u>

Defendant, State Farm Fire and Casualty Company incorrectly identified as State Farm ("Defendant State Farm"), respectfully petitions for removal to this Court of a state civil action pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, and in support thereof avers as follows:

1.      A document entitled "Civil Action Complaint" was filed on or about March 4, 2026, by *pro se* Plaintiff, Samir Chapman-Turner ("Plaintiff") against Defendant State Farm, which is pending in the Court of Common Pleas of Philadelphia County as No. 260300555. A true and correct copy of Plaintiff's Complaint is attached as Exhibit "A" and is incorporated by reference.

2.      Defendant State Farm, through its undersigned counsel, received Plaintiff's Complaint on or about March 12, 2026 by certified mail. *Pro se* Plaintiff incorrectly used Defendant State Farm's counsel's law firm address as Defendant State Farm's corporate address and mailed same to Defendant State Farm's counsel's law firm address.

3.      The "Civil Action Complaint" filed by *pro se* Plaintiff was drafted and filed in narrative form – not in separately numbered paragraphs – without any specific cause(s) of action identified seeking to recover $1,000,022,477.32 in money Plaintiff claims went missing from 2 of his bank accounts. However, based upon the narrative of Plaintiff's Complaint and his apparent

3684220.1/61938

claimed damages, Defendant State Farm ascertained that the damages being claimed exceed $75,000.00. While Defendant State Farm concedes that it does not believe that *pro se* Plaintiff ever had a billion dollars in his bank accounts, he is nevertheless seeking over a billion dollars in damages in the "Civil Action Complaint" filed against Defendant State Farm.

4.      The state court where the action is pending is located in Philadelphia County, Pennsylvania, which is embraced within this judicial district.

5.      At the time of the filing of this action, Plaintiff represented that he resides in Philadelphia County, Pennsylvania and is, therefore, a citizen and domiciliary of Pennsylvania. See Exhibit "A", Civil Cover Sheet. Additionally, upon information and belief available to Defendant State Farm, Plaintiff is a resident, citizen and domiciliary of the Commonwealth of Pennsylvania.

6.      Defendant State Farm is an Illinois corporation with its principal places of business in Bloomington, Illinois and is therefore a citizen/ domiciliary of a state other than Pennsylvania.

7.      As Plaintiff claims damages in the amount of $1,000,022,477.32 in his Complaint, the amount in controversy in this matter clearly is in excess of the sum of $75,000.00, exclusive of interest and costs, such that the amount in controversy and the diversity requirements for federal diversity jurisdiction are satisfied and this court now has jurisdiction over this subject matter under and pursuant to 28 U.S.C. § 1332.

8.      This Notice is filed within thirty (30) days of the date that Defendant State Farm first had notice of indicating that the damages claimed at issue are in excess of $75,000.00.

**WHEREFORE,** Defendant State Farm Fire and Casualty Company incorrectly identified as State Farm respectfully requests that the statutory requirements having been met, the pending state action be Removed to this Court.

3684220.1/61938

Respectfully submitted,

By: _____

    Michael P. Maguire, Esquire
    Attorney ID 83028
    Curtin & Heefner LLP
    1040 Stony Hill Road
    Suite 150
    Yardley, PA 19067
Date: March 30, 2026    (215) 736-2521

3684220.1/61938

AFFIDAVIT

I, Michael P. Maguire, Esquire, being duly sworn according to law, do hereby depose and state that I am the attorney for Defendant, the Petitioner in the foregoing Notice for Removal; that I have been duly authorized by the Petitioner to execute this Affidavit; that I am familiar with the facts involved in this matter; and, that the allegations set forth in the foregoing Notice for Removal are true and correct to the best of my knowledge, information and belief.

_____
Michael P. Maguire, Esquire

3684220.1/61938